UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA



STEVE J. BEZET

VERSUS

SMITH & WESSON CORP.

CIVIL ACTION

NO. 08-685-FJP-DLD

### RULING

This matter comes before the Court on the defendant's motion to dismiss all claims which were not asserted under the Louisiana Products Liability Act in the plaintiff's complaint.[1]  The plaintiff has filed an opposition to this motion.[2]  For reasons set forth below, the defendant's motion is granted.

The Fifth Circuit and Louisiana state courts have held that the Louisiana Products Liability Act ("LPLA") establishes the exclusive theories of liability for manufacturers for damages caused by their products.[3]  Any plaintiff asserting a LPLA claim

---

[1] Rec. Doc. No. 5.

[2] Rec. Doc. No. 7.

[3] *Jefferson v. Lead Industries Ass'n, Inc.*, 930 F.Supp. 241 (E.D. La. 1996); *Brown v. Stenograph Corp.*, No. Civ.A. 99-342-B-M3, 2001 WL 648966 at *3 (M.D. La. June 6, 2001); *Touro Infirmary v. Sizeler Architects*, 2004-2210 (La. App. 4 Cir. 11/21/06), 947 So.2d 740, 744; *Brown v. R.J. Reynolds Tobacco Co.*, 52 F.3d 524 (5th Cir. 1995); *Lewis v. Intermedics Intraocular, Inc.*, 56 F.3d 703 (5th Cir. 1995).

Doc#45857

may not assert any other theory of liability such as fraudulent misrepresentation, concealment and conspiracy.[4]

The plaintiff in this case asserts a standard negligence claim as an alternative theory of liability independent from the LPLA claim. The plaintiff argues that the nature of the proof elements of LPLA actions are either negligence or strict liability. The plaintiff further contends that a manufacturer's failure to warn requires proof of negligence. These contentions are without merit as a matter of law under the facts of this case.

It is clear that the plaintiff may not assert an independent claim of negligence against Smith and Wesson even though the failure to warn under the LPLA is predicated on principles of negligence. In *Jefferson v. Lead Industries Ass'n, Inc.*, the court stated:

> While the statutory ways of establishing that a product is unreasonably dangerous are predicated on principles of strict liability, negligence, or warranty, respectively, neither negligence, strict liability, nor breach of express warranty is any longer viable as an independent theory of recovery against a manufacturer.[5]

The plaintiff's argument that an independent theory of liability is allowed under the LPLA is based solely on his

---

[4]*Hopkins v. NCR Corp.*, No. Civ. A. 93-188-B-M2, 1994 WL 757510, at *3 (M.D.La. Nov. 17, 1994).

[5]930 F.Supp. 241, 245 (E.D. La. 1996) (citing *Automatique New Orleans, Inc. v. U-Select-It, Inc.*, No. CIV.A. 94-3179, 1995 WL 491151 at *3 n. 2 (E.D.La. Aug. 15, 1995)).

Doc#45857

erroneous interpretation of the language in the statute. The plaintiff has failed to cite any relevant caselaw which would support his argument that the non-LPLA claims may be independently asserted in a LPLA case. The mere fact that plaintiff's counsel has personally interpreted the statute differently does not override the well established jurisprudence to the contrary on this issue.

THEREFORE: IT IS ORDERED that the defendant's motion to dismiss is granted.

IT IS FURTHER ORDERED that the plaintiff's non-Louisiana Products Liability claims shall be dismissed with prejudice.

It is so ordered.

Baton Rouge, Louisiana, this 10 day of March, 2009.

_____
FRANK J. POLOZOLA
MIDDLE DISTRICT OF LOUISIANA

Doc#45857